**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAM MOSER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16603** |
| **WARDEN VANNOY, L.S.P.** | **SECTION: "B"(3)** |

**TRANSFER ORDER**

Petitioner, WILLIAM MOSER, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 1990 state court conviction.  However, a review of this Court's records reflects that he filed a prior petition for writ of habeas corpus related to this same state criminal judgment entitled William Moser v. Burl Cain, Warden, Civ. Action No. 99-3328.  In that petition, he raised the following grounds for relief:

1)   Petitioner's conviction was obtained upon insufficient evidence, in violation of due process and equal protection; and

2)   Petitioner "is actually innocent in the interest of justice."

That petition was denied as untimely by Judgment entered on April 13, 2000.  The United States Fifth Circuit Court of Appeal then dismissed his related appeal for want of prosecution, Moser v. Cain, No. 00-30538 (5th Cir. May 31, 2000), and the United States Supreme Court denied his petition for a writ of certiorari, Moser v. Cain, 531 U.S. 883 (2000).

In 2004, he filed with the United States Fifth Circuit Court of Appeals a motion for authorization to file a "second or successive" § 2254 application.  That motion was denied. *In re* Moser, No. 04-31004 (5th Cir. Dec. 29, 2004).

In 2007, he filed another § 2254 petition in this Court, and that petition was construed in part as a motion for authorization to file a "second or successive" application and transferred to the United States Fifth Circuit Court of Appeals.  Moser v. Cain, Civ. Action No. 07-320 (E.D. La. Feb. 22, 2007).  The Court of Appeals again denied authorization.  In re Moser, No. 07-30200 (5th Cir. May 2, 2007).

In 2015, he then filed another § 2254 petition in this Court, and that petition was again construed in part as a motion for authorization to file a "second or successive" application and transferred to the United States Fifth Circuit Court of Appeals.  Moser v. Cain, Civ. Action No. 15-592 (E.D. La. Mar. 31, 2015).  The Court of Appeals denied authorization due to petitioner's failure to comply with a court notice.  In re Moser, No. 15-30332 (5th Cir. May 27, 2015).

The petition presently before the Court is again considered to be a "second or successive" petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)      the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)      (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that William Moser's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 25th day of January, 2017.


_____
SENIOR UNITED STATES DISTRICT JUDGE

3